UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE REMERON ANTITRUST LITIGATION THIS DOCUMENT RELATES TO ALL ACTIONS | Consolidated Case<br>Master Docket No. 02-2007(FSH) |
| MEIJER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORGANON INC. and AKZO NOBEL N.V.,<br><br>Defendants. | Civil Action No. 03-85(FSH) |
| LOUISIANA WHOLESALE DRUG COMPANY, NC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORGANON INC. and AKZO NOBEL N.V.,<br><br>Defendants. | Civil Action No. 03-323(FSH) |

-2-

| | |
|---|---|
| WALGREEN CO., *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>ORGANON, INC., and<br>AKZO NOBEL N.V.,<br><br>            Defendants. | Docket No. 03-2221(FSH) |
| CVS, et. al.,<br><br>            Plaintiffs<br><br>v.<br><br>ORGANON USA, INC. and<br>AKZO NOBEL N.V.,<br><br>            Defendants | Docket No. 03-5488 |

This matter having come before the Court by way of the parties' respective letters and submissions dated ~~February 9, 2004~~ [February 18, 2004, February 19, 2004], February 13, 2004, February 17, 2004, February 27, 2004, March 2, 2004 and March 4, 2004, March 5, 2004 [March 8, 2004] and the Declaration of Robert Litowitz dated May 3, 2004; and the Court having reviewed these letters and submissions; and the Court having conducted a hearing on the record on March 9, 2004 and April 22, 2004; and the Court having considered the arguments of counsel and the record of proceedings in this case; and for

the reasons set forth on the record on March 9, 2004 and April 22, 2004; and for good cause shown,

IT IS ON THIS \_\_11th\_\_ day of May, 2004

ORDERED that, the following documents are protected from discovery by the attorney-client privilege:

Priv Doc. 3, Priv. Doc. 12, Priv Doc. 20, Priv Doc. 22, Priv. Doc. 23, Priv. Doc. 24, Priv. Doc. 25, Priv. Doc. 26, Priv. Doc. 28, Priv. Doc. 29, Priv. Doc. 30, Priv. Doc. 31, Priv. Doc. 32, Priv. Doc. 86 (as to the redacted material), Priv. Doc. 115, Priv. Doc. 138, Priv. Doc. 139, Priv. Doc. 150, AKZO 024813, AKZO 027392-93, AKZO 028738, AKZO 040095, AKZO 040519-21, AKZO 042022-23, AKZO 042272, ORG 161495-96, AKZO 041995-96, ORG 243789-91 [also known as Org 243793-94], AKZO 028726-29, AKZO 028763, Priv. Doc. 55, 56, 57, 58, 59 [also known as ORG 243795-96], ORG 243797-98, Priv. Doc. 60, 61, 62, 63, 64, 65, 66, 67, 68 [also known as Org 243795-96], ORG 131301, Priv. Doc. 34, AKZO 00405-408, AKZO 028732, AKZO 041752, ~~ORG 243782-83~~; Priv. Doc. 50, Priv. Doc. 53; and

IT IS FURTHER ORDERED that with respect to Priv. Doc. 35, AKZO 015116-118, AKZO 015119-20, AKZO 015122, AKZO 042429, AKZO 042431, AKZO 039809-10 and ORG 106858-66, as to which work product protection was asserted, the Declaration of Robert Litowitz of the firm Finnegan Henderson, Farabow, Garrett & Dunner, L.L.P., counsel for Akzo and Or-

ganon in the patent cases, dated May 3, 2004, which was filed in accordance with the Court's Order dated April 22, 2004, [adequately supports] [does not adequately support] the assertion that these materials reflect matters prepared at the request of counsel for use in the patent cases and, in light of that certification, work product protection is [applicable] [inapplicable] as to each of those documents and such documents [need not be] [shall be] produced; and

IT IS FURTHER ORDERED that the attorney-client privilege is inapplicable to the following documents and said documents shall be produced:

> Priv. Doc. 73, Priv. Doc. 83 (unredacted), Priv. Doc. 123 (unredacted),
> (also known as AKZO 00165)
> AKZO 001165 (unredacted), Priv. Doc. 111, Priv. Doc. 114, AKZO
> Priv. Doc 54
> 042273, and Priv. Doc. 52; and
> (also known as ORG 096868-69)

IT IS FURTHER ORDERED that the following documents shall be produced in redacted form as noted:

> Priv. Doc 4, Priv. Doc. 21, and Priv. Doc. 27 shall be disclosed, but the second and third sentences may be redacted;
>
> Priv. Doc. 101 shall be produced with the first paragraph redacted and Paragraph 2 redacted beginning with the word "bottom" and end with the word "and";
>
> AKZO 041517 shall be produced with the second paragraph unredacted;
>
> AKZO 041518 shall be produced with paragraph numbers 2 and 3 unredacted;
>
> AKZO 042271 shall be produced with the following e-mails unredacted: 12/18/2000 from J Paanakker to M. de Veer, 12/15/2000 e-mail from M. de Veer to J. Paanakker and 12/15/2000 e-mail from W. Mens to M. de Veer;
>
> Priv. Doc. 51 shall be produced with the second paragraph unredacted;
>
> AKZO 000375 shall be produced with the first paragraph unredacted; and

IT IS FURTHER ORDERED that Pursuant to Defendants' agreement, Priv. Doc. 106 shall be produced; and

IT IS FURTHER ORDERED that the Court has not been provided with sufficient information from which to determine whether Priv. Doc. 217, Priv Doc. 218, and the second entry on April 18, 1996 on Priv. Doc. 225 are protected from discovery by the attorney-client privilege. Defendants may, ~~within ten days of this order~~ no later than May 19, 2004 submit for *in camera* review certification(s) regarding these documents which the Court will evaluate to determine whether the Defendants have carried their burden of proof in establishing that these communications are protected from discovery by the attorney-client privilege. If the Defendants elect not to provide the Court with these certifications, then Priv Doc, 217 and Priv Doc. 218 shall be produced and Priv Doc. 225 shall be produced with the second entry on April 18th unredacted no later than May 21, 2004; and

IT IS FURTHER ORDERED that plaintiffs have withdrawn, without prejudice, their challenges to the remaining documents raised in their submissions for the reasons set forth on the record on April 22, 2004 and in the correspondence between counsel; and

IT IS FURTHER ORDERED that to the extent Organon and Akzo have been directed in this Order to produce documents, such production shall be completed ~~within ten (10) days of the date of entry of this Order~~ no later than May 21, 2004; and

IT IS FURTHER ORDERED that this Order is without prejudice to and shall not preclude or limit (i) the plaintiffs, if they believe they have a basis to do so, from challenging the assertion of the attorney-client privilege on the basis of the alleged applicability of the crime-

-5-

fraud exception to the attorney client privilege and (ii) the defendants from responding to any such motion.

*Patty Shwartz*
HONORABLE PATTY SHWARTZ
UNITED STATES MAGISTRATE JUDGE